FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 FEB 21 AM 8:41

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM ANDREW BRADFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 112-186 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at the Bleckley Probation Detention Center in Cochran, Georgia, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

### I.  BACKGROUND

Petitioner states that he is challenging a conviction from the Superior Court of Wilkes County, Georgia. (Doc. no. 1, p. 1.) According to the information in the petition, on February 16, 2011, Petitioner pled guilty to burglary in case number 10CR0070 and one count of aggravated assault and one count of simple battery in case number 10CR0071, and he was sentenced to probation under Georgia's First Offender Act, O.C.G.A. § 42-8-60 *et seq.*, without an adjudication of guilt. (Doc. no. 1, pp. 1-2, 9.) Petitioner states that he did not appeal the judgment of conviction. (Id. at 2.) Petitioner violated the terms of his

probation on July 20 and November 8, 2011, however, and he was thus adjudged guilty for the offenses in 10CR0070 and 10CR0071 and sentenced, *inter alia*, to a term of eight years of incarceration on February 23, 2012. (Doc. no. 1, pp. 3, 10.)

In the instant petition, Petitioner alleges that he has not been credited for sixty days spent in confinement prior to his sentencing. (Id. at 3.) According to Petitioner, he filed a motion for credit for time served in the Superior Court of Wilkes County on August 23, 2012, which was denied on the same date, and Petitioner states that he did not appeal the denial. (Id. at 2-3.) Petitioner also states that he has no other petition, motion, or appeal relating to the conviction or sentence currently pending before any tribunal. (Id. at 3.)

## II. DISCUSSION

The Court begins by noting that Petitioner did not pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis* ("IFP") in this case. On December 12, 2012, the Clerk sent Petitioner a deficiency notice informing him of the requirement for filing an IFP motion or paying the $5.00 fee within twenty-one (21) days. (Doc. no. 2.)

Petitioner failed to respond to the December 12, 2012 deficiency notice. Accordingly, on January 8, 2013, the Court granted Petitioner fourteen (14) additional days to comply with the terms of the December 12, 2012 deficiency notice. (See doc. no. 3.) Petitioner was warned that his failure to comply in a timely fashion with the Court's Order could result in a recommendation that his case be dismissed. The time to respond has passed, and Petitioner has not submitted the filing fee or a motion to proceed IFP as required by the Court's January 8, 2013 Order, nor has he provided the Court with any explanation why he has not complied.

2

In order to properly commence a § 2254 action, Petitioner must either pay the $5.00 or move to proceed IFP. Loc. R. 4.1 (providing that commencement of a civil action requires, among other things, payment of the appropriate filing fee or submission of an IFP motion); see also 28 U.S.C. § 1914(a) (providing that the filing fee for a habeas corpus action is $5.00). Petitioner has been warned that failing to return the filing fee or a motion to proceed IFP might result in dismissal without prejudice. As Petitioner has neither paid the filing fee, nor submitted a motion to proceed IFP, the instant § 2254 petition is subject to a recommendation for dismissal.

However, the Court need not base its recommendation for dismissal on this procedural ground because the petition is also subject to dismissal for Petitioner's failure to exhaust state remedies.[1] Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have

---

[1] The Court considers the issue of exhaustion pursuant to its initial review under Rule 4 of the Rules Governing Section 2254 Cases, which states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

3

exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[2] Id. However, the exhaustion doctrine does not

---

[2]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be

4

require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

In addition, the AEDPA contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity

---

deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

5

> and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[3]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.[4]

In the case at bar, Petitioner claims that he is not being given credit for time served in confinement awaiting sentencing. O.C.G.A. § 17-10-11 provides:

> Each person convicted of a crime in this state shall be given full credit for each day spent in confinement awaiting trial and for each day spent in confinement, in connection with and resulting from a court order entered in the criminal proceedings . . . . The credit or credits shall be applied toward the convicted person's sentence and shall also be considered by parole authorities in determining eligibility of the person for parole.

---

[3]The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

[4]When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). Petitioner has not presented any exhausted claims in the present petition and, therefore, the stay and abeyance procedure is inapplicable.

The proper state remedies to pursue for a petitioner claiming he is not being given credit for time served depend on when the petitioner makes the claim, however. See Beasley v. State, 566 S.E. 2d 333, 334 (Ga. Ct. App. 2002). Where the petitioner is claiming that his sentence with credit for time served would have been completed by the time he makes the claim, thus rendering his present incarceration unlawful, he may seek habeas corpus relief. See Lillard v. Head, 476 S.E. 2d 736, 737 (Ga. 1996). On the other hand, if the petitioner is merely contesting the calculation of a sentence that "is currently being legitimately served," then he must pursue a mandamus or injunction action against the Commissioner of the Department of Corrections. See Beasley, 566 S.E. 2d at 334 (noting that, even with the alleged credit for time served, the petitioner still had "approximately seven more years to serve").

It is unclear here whether Petitioner is alleging that he is being held in confinement beyond the point where he would be entitled to release with credit for time served, or whether he is simply seeking proper calculation of his period of confinement with credit given for time served.[5] While that distinction is significant for purposes of the relief Petitioner should seek in the state courts, it is not significant for purposes of the instant § 2254 petition: in either event, Petitioner has failed to exhaust state remedies. Because Petitioner has not sought habeas corpus relief in the Georgia courts, nor sought mandamus or injunctive relief against the Commissioner of the Department of Corrections, he has not satisfied the requisite exhaustion requirement. See 28 U.S.C. § 2254(c). As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an

---

[5]The Court is aware that Petitioner states he was sentenced to "a term of 8 years on February 23, 2012." (Doc. no. 1, p. 3.) Petitioner states, however, that only "the first twelve months" were to be served "in confinement." (Id. at 4.)

7

opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. Accordingly, based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court recommends that the instant § 2254 petition be dismissed for Petitioner's failure to exhaust state remedies.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of February, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE